and you may proceed. Thank you your honor. You and Mr. Badly were both involved in the trial below right? Yes your honor. And he wrote the blue brief and you've got the gray brief and the argument. Yes sir. Okay. Yes, yes your honor. Should I go ahead and state my name for the record? Yes please. And begin. Okay. If it may please the court, my name is Brian Isaacson. I'm the attorney for the appellants Daniel Pierce and Hendy Appleton. The reason for this appeal is that the lower courts have imposed section 172 limitations upon IRC 56D2A1i. It's well stated in our brief and I'll refer to it here and after as 1i. The problem is that there are no such limitations expressly stated in the statute. And therefore we ask the court of appeals to reverse the lower court by applying the rules of statutory construction and rule that there are no 172 restrictions on 1i. We feel that this is consistent. The government relies heavily, sir, in its brief on the case of Merillo against the commissioner in the 5th circuit. Yes your honor. And you didn't respond to that in your gray brief? I didn't see any mention of Merillo? We did your honor. Merillo I didn't see any. I looked in the table of authorities and I re-read your gray brief last night. I didn't see you taking Merillo on. As I understood Merillo, you can correct me that in Merillo there were two issues. The issue B, the alternative net operating loss issue, is it on all fours with the facts of this case? Yes your honor. We used to say in law school on all fours with meaning that there's no factual distinction? Yes your honor. If you were in the 5th circuit, Frank, you'd lose for sure. Well, it was kind of odd when we argued that before the 5th circuit because the panel of judges said. Were you arguing Merillo? Yes your honor. And the panel of judges said that we don't know the first thing about the alternative minimum tax. In fact, we're wondering why in fact it's here. They may have said that, sir, but in their opinion from page 623 through the end of the case, 624, two columns, it strikes me that that is a ruling of the 5th circuit that if we ruled in your favor we would be in direct conflict with the 5th circuit. Yes, that is correct, your honor, and we would have the basis to take this case up on certion. If we ruled for you, you wouldn't take the case up, the government would take the case up. Take the case up. Let's talk about, your honor. Just a technical point. The brief cited other cases pending before the 9th circuit. There's a lead case called Norman. Has that been decided yet? That's not been decided. In fact, oral argument's not been scheduled in that case either. Sorry to interrupt. Are you on all these cases? Yes, your honor. You and Mr. Badgley? Yes, sir. A quest. Okay. Don Quixote. It is a quest because it's an issue that impacts so many people today. And it's a quest on which thus far every time you've gone to the bat there's been three fast strikes and you're called out, right? Well, not exactly. In which case have you gotten some favorable traction in terms of a decision? In none of these cases have we gotten favorable traction, but we have gotten full rulings of the tax court. And if 172 restrictions are imposed under section 2 little I, they're imposed nowhere under section 1 little I. And I think the reason for this is that 172 has been in existence for so long that there's an inclination by the courts to try to simplify the alternative minimum tax to try to a lot of them. A lot of them will think, right? Which is behind the alt-min tax. It is, but at the same time the courts have to follow the rules of statutory construction, which means that they have to treat 1 little I differently from 2 little I. In all of the cases you've, in the other courts, they've treated these exactly the same. And what this does is it has the impact of violating the statutory construction, which states basically that a statute ought to be construed so that if it can be prevented, no clause, sentence, or words shall be superfluous or insignificant. And that's Babbitt v. I'm right. The purpose, what you're trying to achieve is to minimize your alt-min tax liability in the year in which the options exercise, isn't that right? No, your honor. It's in the year of sale. Do you recognize alt-min liability in the year of exercise, right? You recognize alt-min liability in the year of exercise. And that's the alt-min liability, the actual liability you don't enjoy until the sale. Until the sale, but at the time of sale there is an alternative minimum tax adjustment under 1 little I. And that alternative minimum tax adjustment, it's not just simply the net operating loss, it's the difference. Which tax year alt-min are you turning to older? The year of exercise or the year of sale? The year of sale, your honor. And the year of sale is based upon the adjustment under section 1. And it's a carry back, right? Does it carry back to the year of exercise? It would carry back under the rules of statute. But aren't you trying to minimize the alt-min tax in the year of exercise? Yes, we're trying to get to a carry back. I mean, you're getting your... But the case before us is for the tax year 2001, which is the year in which the stock was sold. Yes, Judge Lynn. In fact, that's the reason for this entry, is what we're asking the court to rule is what amount should go on line 9 of the form 6251. And the difference is whether or not capital law or whether or not the 172 limitations are imposed under 1 little I. We know that they're imposed under 2 little I, but the distinction is that 1 little I are to be treated differently from 2 little I. And so under the statute, you can't impose the 172 limitations under 1 little I and 2 little I. It's an impermissible construction of the statute to impose the 172 limitations under 2 little I. I'm sorry, under 1 little I. Under 1 little I. Yes, Your Honor. If your theory is correct, then it seems to me that would sort of minimize or perhaps nullify the need for the Tax Relief Act of 2006. Well, the Tax Relief Act of 2006 told the American public that they get their credits back irrespective of the treatment of 1 little I or 2 little I. And the language by the staff member where it says that the $3,000 limitation may be imposed, he left open for the fact that the courts have yet to decide the issue. But Congress said regardless of how the courts decide the 1 little I, 2 little I issue, we will refund the credits over the next five years. But the caveat is, is that rule only applies to those who could afford to full pay their alternative minimum tax in the first place. In the case of Mr. Pierce and Ms. Lund, what happened is the value of the stock dropped so quickly that by the time April came around, they couldn't afford to pay the tax. And so they won't receive the benefit of the new legislation. Let me talk about the basis that the courts have actually said that 1 little I is to be treated the same as 2 little I. And they said extensively to Treasury Regulation 1.55A. The problem with this reference the courts make is the Treasury Regulation still does not allow 1 little I to be treated the same as 2 little I. And the rules of statutory construction that we've cited is that the IRS is not permitted to legislate by adding terms or requirements to a statute that are not inherently there. And it's unquestionable that Congress did not place the 172 restrictions under 1 little I. And then Treasury Regulation itself, it states except as otherwise provided by statute, that all other code provisions shall apply. Well, in determining the alternative minimum taxable income, well, first of all, the statute contains a very express exception by treating 1 little I differently from 2 little I. And then second is 56A.4, specifically says that the rules of IRC 56 will be in lieu of 172 in the interconnecting statutes. Now, the language in lieu of 172, it's a very significant departure from the regular taxable income. And I really don't feel that the courts picked up on it in their attempts to make sense out of this whole statute. And the problem is that it doesn't make sense, but we have to follow the sequence of the statute. And we can't just throw it out the window because it doesn't lead to a result that the courts like. And what's interesting is under the language in lieu of, we have a very specific sequence for applying the alternative minimum tax NOL. Starts with the regular tax NOL, which in this case was 0. And then under 1 little I, it's required to be adjusted. And under 2 little I, it's required to further be adjusted. And then if you go back up to D1A, there's even a 90% haircut after the adjustments. And so the two provisions are not consistent. And so the tradeoff that Congress allowed was Congress would give a haircut at the end of the calculation, but at the same time they would allow the NOL to be increased by the adjustment amount. And that's the way that statute reads. You're well into your rebuttal. Would you like to save it? Sure. We will hear from the government. Yes. Ms. Erickson? May it please the court, good morning. Marian Erickson for the government. I agree with opposing counsel that we need to follow the sequence of the statute here, but I disagree with him about what that sequence is. I think as the Fifth Circuit held in the Merlot case, before you even get to 56, you have to understand that the regular rules apply. And as he pointed out in the regulations 1.55, it explicitly says that unless there's an exception that's dictated by statute regulation or other published guidance, then all the regular rules apply in computing the alternative minimum tax. And as the Fifth Circuit said, the limitations of 172 apply before you even get to 56. And so your starting point is that for an individual taxpayer, you already have to deal with the limitations and losses that are imposed by 172 and by 12.11. And I'm not sure that we even need to talk about the sequence of computations under 56D because the disagreement we have occurs before that. It has to do with whether or not the regular rules apply. And the truth is there's simply nothing out there to support the taxpayer's argument here that those rules do not apply. There's nothing explicit. There's nothing even implied. There's a certain amount of history of the statute that is quite clear what the intent of Congress was. And I think, Judge Lynn, you're correct in pointing out that the Tax Relief Act of 2006 would not have been necessary if the taxpayer's interpretation of these statutes was correct. That relief was intended to help some of the taxpayers who were caught in a bit of a bind because of the problems that occurred with those high-tech stocks tanking so quickly back in the early 2000s. I really have nothing else to say. I believe our brief says it pretty clearly unless the you understand his one little eye, two little eye argument to be? Your Honor, I don't quite understand that argument to tell you the truth. He seems to be... What sections of the code is he talking about? He's talking about 56D, I believe is what he's referring to. 56B? D as in dog. And my whole argument is that we don't even need to get to that point. That what he's saying is that before you get there, you don't deal with 172 and what the on this issue, including the Fifth Circuit, which is, as you say, exactly the same issue on all fours here, have said that the starting point, 56D, is that you've already imposed the loss limitations of 172 and 1211. And I don't quite understand what his distinction is he's trying to make between one and two. I just am trying to... 56D, one... 56D, two, big A, little eye, little two, I believe is the section that he relies upon. I didn't understand the one little eye, two little eye. Where's the... Is there a D1A? A D2A, I believe, Your Honor. I see his reference to 56D, 2A, little eye. If you look on page 34 of the government's brief, we've recreated the statute there. I believe that's what he's referring to. That's 56D, 2, capital A, and then there's a subclause I and subclause 2, little I. Which page is that again? Page 34. It's after the first blue sheet in our appellee brief. 34 in the back of your brief? Yes, sir. So this is D2A is... So little I says section 58 and little and double I says section 57? Yes, ma'am. There's no clear reason to me why those two sections would have the effect that he's arguing for them. I simply don't understand the logic of that argument. Well, the reason why I asked is that he seems that's all his eggs are in that basket. Yes, sir. And my argument is that... I'm sort of trying to figure out exactly what the problem is. I mean, I understood that your before you go to all men. If you're going to come to the all men party, you play by the 172 rules. Yes, your honor. And that's what other courts seem to have said. But I was having trouble grasping the significance of the distinction between one little I and two little I and why under two little I, he said clearly the 172 rules apply. That was what he said. I believe so. I'm afraid I can't... And when we finally found two little I, I didn't see anything in there that... I mean, if there's a concession that the 172 rules apply in two little I, then why wouldn't they apply in one little I? I believe they apply to both, your honor. I urge this court to affirm. Thank you very much. Thank you. Dr. Isaacson, any commentary on the colloquy we just had? Yes, yes, your honor. Her statement that we don't need to get 56... Can you clarify the one little I, two little I for me? Maybe I'm daft here, but if we look at page 33 and 34 of the government's brief, in the red brief... Could you take a look at page 5 of my reply brief? Page 5, sure. Yes. 5 of your reply brief, okay. Yes. Now, where is one little I? Okay, it's up on top. It's A2, A1 little I. Wait, wait, wait. On page 5? Yes, your honor. There's a little... Two little I. There's where it says, subparagraph 2, adjustments to net operating loss computation. That's the same provision we were looking at a moment ago. The same one that's in the government's brief. Yes, your honor. Okay, under one little I, it says, to be determined with the adjustments provided in this section. And the adjustment in this section is section 56. Okay, and incentive stock options are an adjustment under this section, under 56B4. I'm sorry, 56... So, or 56B3. And the reason... Here's the problem is, if you take a look at the flush language, the flush language only applies 172C to two little I. It doesn't apply it to one little I. So therefore, her argument, the government's argument that... I don't understand that. It says... It says... The net operating loss for such year under 172C shall, and then that's above little I and double I. Right, but it starts with the regular tax net operating loss under 172C. Okay, and so that's where 172C is taken into consideration. Then after that, under one little I, it's determined with the adjustments provided in this section. Then under two little I, it's further reduced by items of tax preference determined under 57. And then under the flush language, it says that an item of tax preference shall be taken into account under clause two, only to the extent that such item increased the amount of NOL under 172C. Okay, so there is no application of 172C under one little I. Well, I'm not sure that necessarily follows that... I mean, both paragraph little I and paragraph II are under a heading that talks about net operating loss under section 172C, both sections. Now, the language you refer to as the flush language at the very end talks about tax preferences. Yes, Your Honor. Which may be peculiar to paragraph II, because paragraph II relates to tax preferences. Well, Your Honor, II relates to tax preferences under section 57. And incentive stock option is a tax adjustment under this section, which is 56. So therefore, it's governed under one little I. So under the sequence of the statute, if you break it down, it requires you to start with the NOL under 172C. If there is one, if there's none, the 172C shall be zero. Then under one little I, you're required to make an adjustment, okay, to the net operating loss. Under two little I, you're required to reduce under section 57, but the reductions under 57 are subject to 172C. Comparison, the adjustments under one little I are not subject to 172C. All right, I understand your point. All right, thank you. Thank both counsel. The case is submitted. All rise.